WILLIAM P. GRIMSLEY and LAURISON LEVERING, appellants
*v.* JOSEPH KLEIN, appellee.

*Appeal from Sangamon.*

A landlord who has distrained upon the goods of his tenant, has a sufficient
interest in them to enable him to be the claimant of the same on a trial of the
right of property, if they are subsequently taken in execution.
*Semble,* That any person having an interest in goods and chattels, may be a
claimant of the same, and have a trial of the right of property between the
creditor in an execution levied on the same, and himself.
A lease cannot be read in evidence, except between the parties to the same,
without proof of its execution.

THIS cause was heard in the Sangamon Circuit Court, at the
October term, 1836, before the Hon. Stephen T. Logan.   On
the trial a motion was made by the appellants, to dismiss the
cause for want of jurisdiction, because the claimant was not the
absolute owner of the goods levied upon by virtue of their execu-
tion, but only interested in the same as a landlord who had
distrained upon the goods for rent.   This motion was overruled
by the Court, and the appellants excepted.   Judgment was
rendered for the appellee.

J. T. STUART and M. McCONNELL, for the appellants.

WILSON, Chief Justice, delivered the opinion of the Court:

This was a *trial of the right of property.*   During the
progress of the trial in the Court below, several exceptions were
taken to the opinion of the Court, which are also assigned for
error here.   None of the exceptions, however, are considered
well taken, except that which relates to the reading in evidence
of a paper purporting to be a lease from Klein, the appellee, to
one Bailey.

The record shows that Klein as the landlord of Bailey,
distrained the goods of Bailey for rent due.   Those goods were
afterwards taken in execution at the suit of Grimsley and
Levering, and upon the trial of the right of property between
Klein, the landlord, and Grimsley and Levering, the execution
creditors, Klein, in order to prove the indebtedness of Bailey to
him for rent, and his right of property by virtue of his distress,
was permitted to read in evidence, without any proof of its
execution, a lease from him to Bailey.   The reading of the lease
was objected to by the counsel of the appellants, but the Court
overruled the objection, and after hearing all the testimony in
the cause, gave judgment in favor of the appellee.

Upon what ground the introduction of the lease as evidence in
the case, was sought to be excluded, does not appear from the bill
of exceptions; but inasmuch as it professes to contain all the

McConnell v. Wilcox.

testimony given in the cause, and as there appears to have been no proof of the execution of the lease, we are bound to say that the Court erred in overruling the motion to reject it. Under the statute a party to a written agreement upon which suit is brought, or which is relied upon by way of defence, or set-off, cannot deny its execution except under oath. This statutory provision, it is clear, is not applicable to the present case. The appellants' names were not signed to the lease, nor were they any way privy to it; they therefore had a right to require proof of its execution; and the party offering it was bound to make such proof before it could be legally given in evidence. For this reason, the judgment of the Court below is reversed, the cause remanded with an order for a *venire de novo*, and that the Court proceed according to this opinion.

*Judgment reversed.*